## W. T. BULL v. J. P. WAGNER.

[FILED OCTOBER 21, 1891.]

1. **Instructions:** REVIEW. There being a conflict of testimony upon material points in the case, the testimony was properly submitted to the jury, and the verdict is supported by the weight of evidence.

2. ———. Where the court had given full instructions upon the issues involved in the case, it is not error to refuse to give additional instructions.

ERROR to the district court for Gage county. Tried below before CHAPMAN, J.

*Hazlett & Bates*, for plaintiff in error.

*R. S. Bibb, contra.*

MAXWELL, J.

This action was brought in the court below to recover upon an account as follows:

" *Wakely T. Bull, Trustee, Dixon, Ill.   Racine, Wis.*
                    "BEATRICE, NEB., 1–21–1886.

"Please deliver to the undersigned on board cars in Dixon, Ill., on or about March 1, 1886, the following goods of your manufacture which I have purchased, and do hereby purchase of you, viz.:

LEFT    RIGHT
HAND.   HAND.
   10 B. No. 1 S. B. plows.
   10 Duplex, 3 Sec. 72-tooth harrows, @ 10.50.
   2 Duplex, 2 Sec. 72-tooth harrows, @ 10.50."

(In red ink:) "Terms of warranty indorsed. Five per cent cash disc. Cash July 1, 1886, Lincoln freight. For the above —— will pay you prices noted below, giving you on receipt of goods —— in notes as follows: Payable in Chicago Exchange, or by express prepaid. Discount from list, 45 per cent. One-half Dec. 15, '86; one-half Jan. 15, '87. Net price, 10.50; 10 per cent interest on notes past due. Name, J. P. Wagner; shipped via U. P."

The defendant filed an answer as follows:

"He denies that the plaintiff ever delivered to him, or that he ever received from the plaintiff, the '10 B. No. 1 S. B. plows' or the '2 Duplex 2 Sec. 72-T. Harrows, $10\frac{1}{2}$,' alleged by plaintiff in his petition herein filed.

"He admits that plaintiff delivered to him and that he received from said plaintiff the '10 Duplex 3 Sec. 72-T. Harrows $10\frac{1}{2}$,' and the 'A. C. No. 3 share,' as alleged in said petition, but defendant says that said goods, wares, and merchandise, are fully settled for, and that defendant is not indebted to the plaintiff therefor in any sum whatever.

"And this defendant for further defense in the way of offset and counter-claim, says: That plaintiff is indebted to this defendant in the sum of $19.40 for one plow sent by the defendant to the plaintiff for repairs, which the plaintiff agreed to repair, and which said plow plaintiff converted to his own use, to defendant's damage in the sum of $19.40.

"That said plaintiff is indebted to this defendant for seven cultivators of the value of $126, which said cultivators the plaintiff, upon the 13th day of June, A. D.

1885, agreed to receive and credit to this defendant in the fall of 1885, which said seven cultivators have been duly returned to the plaintiff by defendant, but which said credit has never been given defendant by plaintiff as agreed, and in which said sum for said cultivators, to-wit, $126, the plaintiff became, was, and still is indebted to this defendant, to defendant's further damage in the further sum of $126."

On the trial of the cause the jury returned a verdict in favor of the defendant for the sum of $53.83, upon which judgment was rendered.

Two grounds are assigned for the reversal of the judgment: First, that the verdict is against the weight of evidence, and, second, that the court erred in refusing to give certain instructions.

One of the principal questions involved was whether the plaintiff in this case and the Orvis Plow Company were in fact one and the same person, so that a contract made with one of them, as the plaintiff, would bind the company. Upon this point the evidence is conflicting and was proper to submit to a jury. The explanation of Mr. Orvis as to the relations of the plaintiff and himself to the plow company during the time the transactions in controversy were taking place, are not very satisfactory, and, in our view, the jury were fully justified in finding, as they must have done, that the plaintiff and plow company represented the same person.

2. Objections are made to the refusal of the court to give certain instructions asked. The court on its own motion had given full instructions upon all the points involved in the case, and there was no error in refusing to give additional instructions.

There is no error apparent in the record and the judgment is

AFFIRMED.

THE other judges concur.